**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RIVAS ZUNIGA LUIS BERNER,

      Petitioner

v.                                                  CASE NO. 8:04-CV-2015-T-30EAJ
                                                   8:03-CR-337-T-30EAJ

UNITED STATES OF AMERICA,

      Respondent.
_____/

# O R D E R

Petitioner, an inmate in a Federal penal institution proceeding *pro se*, filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 challenging his 2004 conviction on drug related charges (Dkt. 1). Respondent has filed a response to the motion (CV Dkt. 4), and Petitioner has filed a reply to the response (CV Dkt. 5). Having reviewed the record and the pleadings filed by the parties, the Court finds that Petitioner has failed to show that he is entitled to the relief he seeks in his motion.

**Background**

On August 6, 2003, a Coast Guard helicopter crew spotted a Colombian flagged longline fishing vessel engaged in refueling a go-fast vessel which displayed no flag or markings indicating its nationality. Petitioner was serving as the captain of fishing vessel. As the Coast Guard helicopter approached, the two vessels headed in opposite directions. The crew aboard the fishing vessel began soaking the exterior surfaces of the vessel in gasoline. The go-fast vessel was turned and headed back toward the fishing vessel when the five-member crew aboard it lit a mop afire and tossed it into a fuel cell, then donned life jackets and jumped into the water. Although the Coast Guard was unable to put out the fire

on the go-fast vessel, they did locate and retrieve 37 kilograms of partially burned cocaine in the debris field left by the sinking go-fast vessel.  *Id.*

Meanwhile, the members of a Coast Guard team conducted right of approach questioning of the fishing vessel crew and invoked a United States/Columbian Bilateral Agreement to board her.  The fishing vessel was equipped with a fuel transfer pump and several fuel transfer hoses and carried a quantity of gasoline that exceeded the amount allowed by Columbian regulations.  According to crew members aboard the go-fast vessel, they had just refueled their gasoline tanks from gasoline provided by the crew of the fishing vessel.  Having determined that the go-fast vessel was stateless, and thus subject to the jurisdiction of the United States, the Coast Guard contacted the Columbian Naval Operations Center regarding the fishing vessel and obtained a Statement of No Objection for the Coast Guard to enforce laws of the United States against the fishing vessel.  Five crew members of the go-fast vessel and eight crew members of the fishing vessel were then taken into custody.  Petitioner was a member of the crew operating the go-fast vessel.

Petitioner was charged by indictment on August 12, 2003, with conspiracy to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, contrary to the provisions of 46 U.S.C. App. § 1903(a), all in violation of 46 U.S.C. App. §§ 1903(j) and 1903(g), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One); and possession with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), 18 U.S.C. § 2, 46 U.S.C. App. § 1903(g), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two) (CR Dkt. 7).  Represented by court-appointed counsel (CR Dkt. 58), Petitioner agreed to enter a guilty plea to Count One of the indictment pursuant to a written plea agreement in exchange for the Government's promise

to dismiss Count Two at the sentencing hearing (CR Dkt. 102 at 1-2).  As one of the terms

of his plea agreement, Petitioner expressly waived his right to appeal his sentence:

> directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. § 5CI.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(*Id.* at 10-11).  On December 17, 2003, Petitioner appeared with court-appointed counsel

and entered a plea of guilty to Count One (CR Dkt. 109), which the Court accepted on

January 22, 2004 (CR Dkt. 135).  Petitioner was sentenced on April 16, 2004, to serve a

term of 70 months imprisonment, to be followed by a 36-month term of supervised release,

and the Government dismissed Count Two of the indictment (CR Dkt. 227).  Petitioner did

not file an appeal.

On April 5, 2004, Petitioner filed the instant motion seeking relief pursuant to 28

U.S.C. § 2255 (CR Dkt. 326/CV Dkt. 1).  In his motion, Petitioner asserts that trial counsel

was ineffective for failing to file an appeal, the Court lacked subject matter jurisdiction

because he was taken into custody in international waters, the Government fabricated the

charges against him, and trial counsel was ineffective for advising him that if he went to trial

he would be convicted (CV Dkt. 1 at 5-6).  For reasons set forth below, the Court finds that

the motion should be denied.

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's

sentence for any of the following four reasons: (1) the sentence was imposed in violation

of the Constitution of the United States; (2) the court was without jurisdiction to impose

such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.   28 U.S.C. § 2255.   Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack,  *see United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990).  Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless."  *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

**Evidentiary Hearing**

The Court has carefully reviewed the record and concludes that Petitioner is not entitled to an evidentiary hearing. *See Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. § 2255). No hearing is required when the record establishes that a § 2255 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Petitioner has not established any basis for an evidentiary hearing because the issues he raises in his § 2255 motion are waived.

**Discussion**

The crux of Petitioner's complaint is that the sentence he received was greater than he expected to receive when he signed the plea agreement.  As set forth *supra*, pursuant to the plea agreement Petitioner executed, he waived his right to appeal any factual or legal finding made by the Court in calculating the appropriate guideline range, unless the Court upwardly departed or the Government appealed.

In the plea agreement, Petitioner was placed on notice that the drug charge to which he agreed to plead guilty carried a minimum sentence of ten (10) years and a maximum sentence of life imprisonment (CR Dkt. 102 at 1).[1]  The Court granted the Government's motion for a two-level reduction in Petitioner's base offense level in recognition of his substantial assistance pursuant to U.S.S.G. § 5K1.1 (CR Dkt. 226), and Petitioner was only

---

[1]Title 46 App. U.S.C. § 1903(g) provides, in pertinent part, that "[a]ny person who commits an offense defined in this section shall be punished in accordance with the penalties set forth in section 1010 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 960)."  Title 21 U.S.C. § 960(b)(1)(B)(ii) provides, in pertinent part, that upon conviction for a violation involving "5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine, its salts, optical and geometric isomers, and salts or isomers, . . . the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life."

sentenced to a term of 70 months imprisonment (CR Dkt. 319).  The Government did not

file an appeal. Thus, Petitioner's waiver of his right to challenge the guidelines sentence is

controlling. *See Williams*, 396 F.3d at 1342.  *See also United States v. Weaver*, 275 F.3d

1320, 1333 (11th Cir. 2001).   The waiver includes claims of ineffective assistance of

counsel at sentencing.  *See Williams*, 396 F.3d at 1342.

Petitioner negotiated an agreement with the Government regarding the disposition

of his criminal charges and entered a guilty plea pursuant thereto (CR Dkt. 141).  A guilty

plea is not "a mere gesture, a temporary and meaningless formality reversible at the

defendant's whim. . . , but a 'grave and solemn act,' which is 'accepted only with care and

discernment.'" *United States v. Hyde*, 520 U.S. 670, 677 (1997) (citation omitted).   In

*United States v. Jones*, the Eleventh Circuit stated:

> [W]e have consistently considered written plea agreements to be part of the
> record of the Rule 11 hearing.  *See United States v. Hourihan,* 936 F.2d 508,
> (11th Cir. 1991); *United States v. Bell,* 776 F.2d 965, 969 (11th Cir. 1985),
> *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986).  *See also
> United States v. Padilla,* 23 F.3d 1220, 1221-22 (7th Cir. 1994) (looking to
> written plea agreement to determine if defendant knew of mandatory minimum
> sentence). We hold that where a signed, written plea agreement describing a
> mandatory minimum sentence is specifically referred to during a Rule 11 plea
> colloquy, the core principle that the defendant be aware of the consequences
> of his plea has been complied with [and] [t]he defendant's substantial rights
> were not violated.

143 F.3d 1417, 1420 (11th Cir. 1998).  In this circuit, "[a] plea agreement is, in essence, a

contract between the Government and a criminal defendant.   Among the considerations

that a defendant may offer as part of such a contract is waiver of his right to appeal,

provided that the waiver is made knowingly and voluntarily. . . . [t]he plea agreement is . .

. enforceable." *United States v. Howle*, 166 F.3d 1166,  1168 (11th Cir. 1999) (citation

omitted).  *See also United States v. Pease*, 240 F.3d 938 (11th Cir. 2001).  Petitioner

argues that the plea agreement is not valid, asserting that trial counsel "compelled" him to

enter a plea by advising him that if he went to trial he would be convicted and sentenced to a twenty (20) year term of imprisonment (CV Dkt. 1 at 6).

The language in the plea agreement is clear and unambiguous (CR Dkt. 102). During the December 17, 2003 change of plea hearing, United States Magistrate Judge Elizabeth A. Jenkins had an opportunity to question Petitioner regarding the provisions of his plea agreement and his understanding thereof, hear his answers, given under oath (CR Dkt. 229 at 6), and observe his demeanor.  During that hearing, each term of the plea agreement was reviewed with Petitioner, and he was cautioned regarding the consequences of his plea, as required by Fed. R. Civ. P. 11.  *See* CR Dkt. 229.

| Court: | Okay.  Now we need to go back to the other questions.  Before we do, I want each of you to look at certain documents.  They are, first, the plea agreement, . . . I would like for you to look at those, please, and tell me whether those are your signatures on the documents, and also your initials in the case of the plea agreement. |
|---|---|
| | (Pause) |
| Petitioner: | Yes. |
| Court: | Were those documents read to you, sir, in Spanish before you signed them? |
| Petitioner: | Yes. |
| Court: | And do you understand what's in those two documents? |
| Petitioner: | In the -- |
| Counsel: | In the plea agreement. |
| Petitioner: | Well, more or less. |
| Court: | Okay. |
| Counsel: | And the second document here is the one you signed today, correct, concerning the notice regarding the entry of the guilty plea? |
| Petitioner: | Yes. |

. . . . .

CR Dkt. 229 at 24.

Court:  Okay.  I'm going to go over the written plea agreements with you and . . . cover the main points. Each of you has agreed to plead guilty to the . . . charge that we've talked about.  The United States also agrees not to bring any additional charges against you which arise out of the conduct in the plea agreement.

      In Mr. Zuniga's case the United States will also drop the other counts in the Indictment against him.

CR Dkt. 229 at 26-27.

Court:  And the last thing I need to go over with each of you is a provision in your plea agreement that significantly limits your right to appeal your sentence to only three grounds.  You may appeal an upwards departure from the Sentencing Guidelines, you may appeal a sentence which violates the law apart from the Sentencing Guidelines, and you may appeal a sentence which exceeds the statutory maximum penalty. What this means is you may not appeal or otherwise challenge your sentence on any ground relating to the Sentencing Guidelines unless it pertains to an upwards departure.

      Do you understand this?

Petitioner: Yes.

      . . . . .

Court:  Any questions?

Petitioner: No.

      . . . . .

Court:  Mr. Zuniga, do you make the waiver of appeal knowingly?

      (Pause)

Petitioner: Yes.

Court:  Wait just a minute.  I'm going to focus on one defendant.

      Do you make this waiver of appeal voluntarily, sir?

-8-

Petitioner:   Yes.

. . . . .

Court:   Does this written plea agreement that you have with the Government contain all of the promises or understandings that led you to plead guilty?

(Pause)

Petitioner:   No.

Counsel:   You might want to re-ask the question because I think he was responding by –

Court:   Does this contain all the understandings you have with the Government?

Is it complete?

Petitioner   Yes.

Court:   Has anyone promised you anything which is not in this written plea agreement?

Petitioner:   No.

Court:   Has anyone threatened you in any way, mentally or physically, to get you to plead guilty?

Petitioner:   No.

CR Dkt.  229 at 29-32.

Court:   Turning to the penalties.  The penalty for Mr. Zuniga in Count 1 is a minimum mandatory jail term of ten years, maximum jail term of life imprisonment, maximum fine of up toe $4,000,000, a term of supervised release of at least five years, and a special assessment of $100 due on the date of sentencing.
Do you understand that, sir?

Petitioner:   Yes.

CR Dkt. 229 at 34.

Court:   The next issue I need to talk to you about is Sentencing Guidelines.  We don't know at this point what your Sentencing Guidelines will be, we can

only possibly predict, and I'm not going to do that, but maybe your attorney has talked to you about that.

The Judge will determine the guidelines sentence for your case at sentencing, and you'll have a chance to review the report suggesting the guidelines and make objections to that.  Nevertheless, have you and your attorney talked about how the guidelines might apply?

Petitioner:  Oh, yes.  Yes.

Court:  If your guidelines sentence is different from what you expect for whatever reason, you cannot change your mind about pleading guilty, even if you've relied on a prediction from your attorney; do you understand that?

Petitioner:  Yes.

. . . . .

Court:  The Government may have a right to appeal your sentence, although your right to appeal is very limited by that part of your plea agreement that we talked about.

Do you understand that?

Petitioner:  Okay.

. . . . .

Court:  By pleading guilty you're giving up a number of important rights that you have as someone accused of a crime.  Those rights are: The right to plead not guilty, the right to require the Government to prove the case against you at trial before a jury by proof beyond a reasonable doubt.  You have the right to be represented by your attorney.  You would have the right to see and hear the witnesses against you, and have them cross-examined.  You could testify in your case if you wanted to.  You could call witnesses and present evidence, but no one could require you to defend yourself because you would be presumed innocent, and your silence could not be used against you.

You also could have the Court issue subpoenas to bring witnesses to court on your behalf.  So if you plead guilty, you won't have these rights; do you understand that?

Petitioner:  Okay.

. . . . .

| | |
|---|---|
| Court: | By pleading guilty, if you have any defense to the charge or objection as to how the evidence against you was obtained, by pleading guilty you're giving up your right to make these defenses and objections; do you understand that? |
| Petitioner: | Okay. |
| | . . . . . |
| Court: | All right. We have gotten tot he end of the hearing. You've indicted to me that you agree with the facts laid out by the prosecutor. Do you have any questions now about anything we've talked about? |
| Petitioner: | No. |
| Court: | Mr. Zuniga, how do you wish to plead to the charge in Count 1 of the Indictment, guilty or not guilty? |
| Petitioner: | Guilty. |
| Court: | Are you pleading guilty because you are, in fact, guilty? |
| Petitioner: | Yes. |
| | . . . . . |
| Court: | Very well. I find that the plea of each defendant is knowing, intelligent and voluntary and is supported by an independent basis in fact as to each essential element of the offense. I will recommend, therefore, to the District Judge in writing that your plea be accepted. |
| | That recommendation -- you have ten days in which to object. If you don't, you could be limited in your right to later complain that the court should not have accepted your guilty plea. |

CR Dkt. 229 at 36-40.

The record is clear that when he entered his plea, Petitioner did so of his own volition,

fully advised of the nature of the charges against him and the consequences of his plea,

including the sentence appeal waiver.

Following the change of plea hearing, Magistrate Judge Jenkins informed the

undersigned that "after cautioning and examining [Petitioner] under oath concerning each

of the subjects mentioned in Rule 11," she determined that Petitioner's plea was "knowledgeable and voluntary and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense," and recommended that this Court accept Petitioner's plea of guilty and set a date for sentencing (CR Dkt. 112). Petitioner cannot now successfully claim that his plea was not knowingly and voluntarily made.

Statements by a defendant at the Rule 11 proceedings are accepted as conclusive unless he reasonably alleges why this should not be so. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1997). To secure a hearing on his claims, a petitioner must allege facts, which, if true, would entitle him to relief. *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (en banc).  The law does not require a court to hear a claim based entirely on conclusory allegations wholly devoid of specifics.  *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *see also United States v. Jones,* 614 F.2d 80, 82 (5th Cir. 1980) ("When claims for habeas relief are based on unsupported generalizations, a hearing is not required." (internal quotations and citations omitted)); *Scott v. United States,* 598 F.2d 392, 393 (5th Cir. 1979) ("Contrary to [the movant's] assertions, . . . the right to a hearing is not established simply by filing a petition under 28 U.S.C. § 2255.  When claims for habeas relief are based on unsupported generalizations, a hearing is not required.").

Petitioner was placed under oath prior to entering his plea.  He was then cautioned by the magistrate judge as follows: "All right.  Be seated.  Do each of you understand that because you were sworn to tell the truth, if you provide a false answer to any important question or make any false statement, you could be prosecuted for perjury or false statement?"  Petitioner responded "Yes," while nodding affirmatively (Dkt. 229 at 7). The

-12-

Court finds Petitioner's assertion that he was coerced into entering a guilty plea insufficient to overcome the persuasive evidence of the sworn statements he made during the plea hearing.

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made. Petitioner has had the benefit of his bargain – the conspiracy charge was dismissed (CR Dkt. 227).  The Government is likewise entitled to the benefit of its bargain.  Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing.  Petitioner was not promised anything that he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

### Conclusion

Having reviewed the record, applicable statutes, and controlling case law in this circuit, the Court finds that Petitioner has failed to demonstrate that he is entitled to the relief he seeks.  His § 2255 motion should, therefore, be denied.

ACCORDINGLY, the Court **ORDERS** that:

1.    Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (CV Dkt. 1) is **DENIED**.

2.    The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
SA:jsh